IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GRANITE STATE INSURANCE COMPANY,

                Petitioner,

v.                              CIVIL ACTION NO.  2:24-mc-00104

RALEIGH MINE & INDUSTRIAL SUPPLY INCORPORATED,

                Respondent.

MEMORANDUM OPINION AND ORDER

Pending before the court is Petitioner Granite State Insurance Company's ("Granite State") Motion to Compel Compliance with Subpoena Duces Tecum by Respondent Raleigh Mine & Industrial Supply Incorporated ("Raleigh Mine"). [ECF No. 1]. For the following reasons, Petitioner's motion, [ECF No. 1], is **GRANTED**.

I. Background

Petitioner Granite State brings this miscellaneous action pursuant to a related action currently pending in the Western District of Kentucky, where it seeks to hold shareholders personally liable for a $1.4 million judgment that it received against Star Mine Services, Inc. ("Star Mine").[1] [ECF No. 2, at 1]. Granite State is an

---

[1] This first action was also brought in the Western District of Kentucky, wherein the district court entered summary judgment for Granite State and against Star Mine for breach of contract. *Granite State Ins. Co. v. Star Mine Servs., Inc.*, 553 F. Supp. 3d 413, 424 (W.D. Ky. 2021), *aff'd*, 29 F.4th 317, 320 (6th Cir. 2022). The Sixth Circuit affirmed the District Court's decision, which included an approximately $1.4 million judgment against Star Mine. *Granite State Ins.*, 29 F.4th at 324.

insurance company that provided workers compensation insurance to Star Mine in Kentucky. [ECF No. 1-1, ¶¶ 7–8]. For three consecutive policy periods, Star Mine provided an estimate of its payroll expenses when calculating its workers compensation insurance premium. *Granite State Ins. Co. v. Star Mine Servs., Inc.*, 29 F.4th 317, 319–20 (6th Cir. 2022). At the end of each policy period, Granite State completed an audit of Star Mine's records for an exact payroll number and then charged additional premiums for any payroll expenses in excess of the preliminary premium charged. *Id.* In mid-2018, after realizing that Star Mine had significantly underestimated its 2017 payroll expenses, Granite State adjusted its estimated premium halfway through the year, giving Star Mine one month to pay the difference. *Id.* at 320. When Star Mine failed to do so, Granite State cancelled its policy. *Id.* Meanwhile, in early 2019, the shareholders of Star Mine sold its asserts to Raleigh Mine—the Respondent in this case—and shortly thereafter, dissolved the corporation. [ECF No. 1-1, ¶¶ 17, 20]. Granite State sued (the "Original Action") and obtained a judgment against Star Mine for roughly $1.4 million based on the premium it had failed to pay plus an audit noncompliance charge. *Granite State Ins. Co.*, 29 F.4th at 320. In the Original Action, Granite State attempted to subpoena Raleigh Mine—the third-party corporation to which Star Mine shareholders' assets had been sold—for "documents, email, correspondence, and other communications related to the purchase of Star Mine Services." [ECF No. 2, at 5 (citing [ECF No. 1-3])]. Raleigh Mine "never responded, objected to, or complied with that subpoena" but the case was soon after resolved on summary judgment. *Id.* at 6; *see* [ECF No. 1-4

2

(correspondence between attorneys regarding the failure to respond to the subpoena)].

After Star Mine failed pay the judgment rendered against it in the Original Action, Granite State brought the second, currently pending lawsuit (the "Related Action") in the Western District of Kentucky against the individual shareholders of Star Mine, wherein it is hoping to pierce the corporate veil and hold the three shareholders personally liable for the judgment amount. [ECF No. 1-1, ¶¶ 25–28]. In the Related Action, Granite State once again served a subpoena on Raleigh Mine, wherein it requested, inter alia, email correspondence and any other record of communications relating to the purchase of Star Mine or any of its assets or stock by Raleigh Mine. [ECF No. 1-5, at 7–8]. Granite State served this subpoena on May 22, 2023. *Id.* at 1. In response, Raleigh Mine's attorney and registered agent produced certain documents on June 16, 2023, but those documents did not contain any emails, correspondence, or other communications made during 2018–2019 related to the purchase. [ECF No. 2, at 6]. Counsel for Raleigh Mine then explained that Raleigh Mine's servers had been hacked in April of 2022, and the ransomware attack "caused the loss of electronically stored data up to that point." [ECF No. 1-6, at 2].

As it continued discovery in the Related Action, Granite State took the deposition of former Star Mine IT employees and current Raleigh Mine IT employees. [ECF No. 2, at 8–9]. Granite State also took the deposition of a Louie Flores, an owner of Quinn Technology, d/b/a Quinn Computers, who worked for Raleigh Mine after the

3

April 2022 ransomware attack. *See* [ECF No. 1-12, at 6–12].[2] Mr. Flores testified that the "server was restored to its same operating status" prior to it going down and that they were able to "restore e-mail going back several years onto the Exchange server." *Id.* at 17–18. He also stated that in October of 2022, he had worked with them to upload their mail server into the cloud and that Raleigh Mine "did not have any e-mail destruction policies." *Id.* Based on this testimony, Granite State asserts that Raleigh Mine has access to its email correspondence between the relevant timeframe and that it has failed to conduct a reasonable search to comply with the subpoena. [ECF No. 2, at 9, 12]. Because Raleigh Mine's corporate headquarters are located in the Southern District of West Virginia, *id.* at 10, Granite State now brings this miscellaneous action to compel Raleigh Mine to fully comply with the subpoena served upon it in the Related Action.

In this district, memoranda in response to motions shall be filed and served within 14 days from the date of service of the motion. Loc. R. Civ. P. 7(a)(7). Raleigh Mine was served on May 8, 2024. [ECF No. 3, at 1]. Raleigh Mine has neither responded nor made an appearance in this case, and the deadline to respond to the motion has passed. Therefore, the matter is ripe for review.

## II. Legal Standard

Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas. *In re Subpoenas for Docs. Issued to ThompsonMcMullan, P.C.*, No. 3:16-MC-1, 2016

---

[2] Deposition page numbers refer to transcript pages, not CM/ECF page numbers.

WL 1071016, at *5 (E.D. Va. Mar. 17, 2016) (citing Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents.")). This rule provides that "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). Rule 45 adopts the same standard regarding the scope and limits of discovery as set forth in Rule 26. *JAK Prods. Inc. v. Bayer*, 2:15-CV-361, 2015 WL 2452986, at *9 (S.D. W. Va. May 22, 2015). Thus, "a subpoena may be used to discover any nonprivileged matter that is relevant to any party's claim or defense if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* (internal markings omitted) (quoting Fed. R. Civ. P. 26(b)).

The scope of relevancy is broad. *Id.* Under Rule 26, information is discoverable if "it bears on, or reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Johnson v. Ford Motor Co.*, 309 F.R.D. 226, 232 (S.D. W. Va. 2015) (internal markings and quotations omitted). However, an objecting party may move for the court to quash or modify a subpoena in certain circumstances, such as if compliance would "subject[ ] a person to undue burden." Fed. R. Civ. P. 45(d)(3). Whether under Rule 26 or Rule 45, a party seeking to limit document production bears the burden of proof in establishing that "the challenged production should not be permitted." *Barber v. Sedgwick Claims Mgmt. Servs.*, No. 3:14-cv-27349, 2015 WL 6126841, at *5 (S.D. W. Va. Oct. 16, 2015) (quoting *HDSherer LLC v. Nat. Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013)).

5

### III. Discussion

Pursuant to Federal Rule 45, Granite State brings this miscellaneous action in this district because it served Raleigh Mine—a nonparty in the Related Action that is located in Mount Hope, West Virginia—with a valid subpoena issued in the Western District of Kentucky. [ECF No. 1-4, at 3–8]. Thus, the Southern District of West Virginia is a proper venue in which to compel compliance. *See* Fed. R. Civ. P. 45(d)(2)(B)(i) ("[T]he serving party may move the court *for the district where compliance is required* for an order compelling production.") (emphasis added). In its subpoena, Granite State requests documents, including all email correspondence, related to the sale of Star Mine and its assets to Raleigh Mine. [ECF No. 1-4, at 3–8]. Raleigh Mine has not objected to the subpoena, and it has made no assertion that production should not be permitted as irrelevant or unduly burdensome. Accordingly, I **FIND** that the information requested in the subpoena is either relevant or may lead to the discovery of relevant evidence in the Related Action. Raleigh Mine must comply with the duly served subpoena duces tecum.

I further **FIND** that Raleigh Mine has not conducted a reasonable and diligent search for responsive records in response to the subpoena. Granite State presented evidence through deposition testimony that only one Star Mine computer, which is now in the possession of Raleigh Mine, was searched for responsive documents following the subpoena, but that search did not include a search for any email applications or programs on the computer. *See* [ECF Nos. 1-8, 1-9]. Moreover, Granite State has produced evidence that the correspondence it requests is most likely

6

available despite the reported ransomware attack. *See* [ECF No. 1-12]. Therefore, I **ORDER** Raleigh Mine to fully comply with the subpoena served upon it in the Related Action in the Western District of Kentucky, Case No. 4:22-cv-00119-GNS-HBB.

## IV. Conclusion

For the foregoing reasons, Petitioner's Motion, [ECF No. 1], is **GRANTED**. I **ORDER** Respondent Raleigh Mine to comply with the May 22, 2023, Subpoena Duces Tecum served by Granite State within 30 days from the entry of this Order. In complying with the subpoena and this Order, Raleigh Mine shall undertake a reasonable and diligent search for the subpoenaed documents across all available information in Raleigh Mine's possession, custody or control, including but not limited to (1) cloud data that contain Raleigh Mine email correspondence, (2) computer devices of Raleigh Mine employees that may contain emails from the relevant time period, and (3) computer devices that Raleigh Mine received from Star Mine Services and/or Star Industrial Supply when Raleigh Mine purchased those companies and its assets in 2019. Failure to comply with this Order may be punishable by contempt or sanctions.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party. The court further **DIRECTS** the Clerk to send a copy of this order via certified mail to Raleigh Mine & Industrial Supply Incorporated, at 1500 Mill Creek Rd., Mt. Hope, WV, 25880.

ENTER: June 13, 2024

7

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE